UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KELLY DUANE WILLIAMS, et al.,

    Plaintiffs,

v.                                                                                    Hon. Janet T. Neff

SCOTT WRIGGELSWORTH, et al.,                          Case No. 1:17-cv-01104

    Defendants.
_____/

## REPORT AND RECOMMENDATION

On April 4, 2018, the Clerk mailed a copy of the April 3, 2018 Order Regarding Partial Service (ECF No. 16) to Plaintiff **Norman Kuhn #157679**.  The mailing was not deliverable because Plaintiff has not provided the Court with an updated address (ECF No. 19).

For the reasons discussed below, the Court, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 41(b), and W.D.Mich. LCivR. 41.1, recommends that the present action as to Plaintiff **Norman Kuhn #157679** be dismissed for Plaintiff's failure to prosecute.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).  This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.  Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein.  *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the Court to recommend that Plaintiff's claims be dismissed. Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution." As mentioned above, mail addressed to Plaintiff has been returned because Plaintiff has not provided the Court will his correct mailing address. This is a willful failure by Plaintiff which prejudices Defendants' ability to defend against Plaintiff's claims. While Plaintiff has not previously been warned by the Court that dismissal of his claims might result from his refusal to comply with the aforementioned rule, this Recommendation will serve as such a warning and affords Plaintiff an opportunity to contest the recommendation that dismissal is appropriate.

## **CONCLUSION**

For the reasons articulated herein, the Court recommends that Plaintiff **Norman Kuhn #157679** be dismissed from this action with prejudice for his failure to prosecute. Timely objections to this Report and Recommendation shall be considered plaintiff's opportunity to show cause why this matter should not be dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Date:  April 19, 2018                                               /s/ Ellen S. Carmody
                                                                                                                ELLEN S. CARMODY
                                                                                                                U.S. Magistrate Judge