UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY DUANE WILLIAMS et al.,

    Plaintiffs,                                    Hon. Janet T. Neff

v.                                                   Case No. 1:17-cv-1104

SCOTT WRIGGELSWORTH, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 31). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **dismissed**.

**I.**        **Background**

On December 15, 2017, Plaintiffs Kelly Williams, Shawn Pickens, Norman Kuhn, and Terry Young initiated this action against Ingham County and Ingham County Sheriff Scott Wriggelsworth. (ECF No. 1). Plaintiffs have asserted various claims concerning the conditions of their confinement at the Ingham County Jail. Many of Plaintiffs' claims were dismissed on screening for failure to state a claim on which relief may be granted. (ECF No. 15-16). The claims asserted by Plaintiffs Kuhn and Young were subsequently dismissed for failure to prosecute. (ECF No. 22-23, 28). At this juncture, only two plaintiffs remain, Kelly Williams and Shawn Pickens, both of whom assert the following claims: (1) unconstitutional conditions of confinement; (2) denial of access to the courts; and (3) interference with incoming mail. (ECF No. 15 at PageID.54-55). Defendants now move for summary judgment on the ground that Plaintiffs have failed to properly exhaust their

administrative remedies. Plaintiffs Williams and Pickens have failed to respond to the present motion.

II.         **Summary Judgment Standard**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-

moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**III.     Analysis**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears

the burden of establishing.  *Id*.  With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).  In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

The Ingham County Sheriff's Office has developed an Inmate Grievance Policy applicable to inmates residing in the Ingham County Jail.  (ECF No. 32-1 at PageID.98-100).  Pursuant to this policy, inmates can appeal the denial of a grievance through three distinct steps.  (ECF No. 32-1 at PageID.98-99).  Defendants have presented evidence that Plaintiffs were each "expressly informed of their right to file a written grievance under the Inmate Grievance Policy."  (ECF No. 32-1 at PageID.99).  Plaintiffs have presented no evidence to the contrary.

Defendants have presented evidence that Plaintiff Williams "never filed a single written grievance with the Ingham County Jail, either during any of his periods of incarceration or upon his release from confinement, nor did he seek assistance for the purpose of doing so."  (ECF No. 32-1 at PageID.99).  Plaintiff Williams has failed to respond to the present motion and, therefore, has presented no evidence to the contrary.  Accordingly, the undersigned recommends that Plaintiff Williams' remaining claims be dismissed for failure to exhaust administrative remedies.

Defendants have presented evidence that Plaintiff Pickens filed three grievances while an inmate at the Ingham County Jail.  (ECF No. 32-1 at PageID.99-100).  Plaintiff Pickens failed,

however, to pursue any of these grievances through all three steps of the jail's grievance process. (ECF No. 32-1 at PageID.99-100). Plaintiff Pickens has failed to respond to the present motion and, therefore, has presented no evidence to the contrary. Accordingly, the undersigned recommends that Plaintiff Pickens' remaining claims be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 31), be **granted** and this action **dismissed**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: July 13, 2018         /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge