UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY DUANE WILLIAMS, et al.,

      Plaintiffs,

                                  Case No. 1:17-cv-1104

v.

                                  HON. JANET T. NEFF

SCOTT WRIGGELSWORTH, et al.,

      Defendants.

_____/

**OPINION AND ORDER**

This is a prisoner civil rights action brought by four inmates at the Ingham County Jail pursuant to 42 U.S.C. § 1983, concerning Plaintiffs' conditions of confinement and other alleged constitutional violations.[1]  Defendants Ingham County and Sheriff Scott Wriggelsworth filed a motion for summary judgment, arguing that Plaintiffs failed to exhaust their administrative remedies.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending the motion be granted and this action be terminated. Plaintiffs have filed a "Response" to the Report and Recommendation, which the Court construes as an objection (*see* R&R, ECF No. 36 at PageID.150, addressing the filing of Objections to the Report and Recommendation).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made.  The Court grants Plaintiffs' objection in part,

---

[1] Plaintiffs Norman Kuhn and Terry Young were terminated from this action; there are two remaining Plaintiffs, Kelly Duane Williams and Shawn Feaon Pickens.

but otherwise denies Plaintiffs' request for relief. The Court concludes that Defendants are entitled to summary judgment. The Court will enter Judgment in favor of Defendants.

As set forth in the Report and Recommendation, the Ingham County Jail Grievance Policy provides for appeal of the denial of grievances through three distinct steps (R&R, ECF No. 36 at PageID.149). Based on the record, the Magistrate Judge concluded that neither Plaintiff pursued grievances through all three steps with respect to the remaining claims at issue:

> Defendants have presented evidence that Plaintiff Williams "never filed a single written grievance with the Ingham County Jail, either during any of his periods of incarceration or upon his release from confinement, nor did he seek assistance for the purpose of doing so." (ECF No. 32-1 at PageID.99). … Defendants have presented evidence that Plaintiff Pickens filed three grievances while an inmate at the Ingham County Jail. (ECF No. 32-1 at PageID.99-100). Plaintiff Pickens failed, however, to pursue any of these grievances through all three steps of the jail's grievance process. (ECF No. 32-1 at PageID.99-100).

(*Id*. at PageID.149-150). The Magistrate Judge noted that neither Plaintiff responded to Defendants' motion for summary judgment or had presented evidence contrary to Defendants' evidence (*id*.). Thus, Plaintiffs' claims should be dismissed for failure to exhaust administrative remedies (*id*.).

Plaintiffs object to the Report and Recommendation only on the ground that they were entitled to 45 days to complete discovery and then 28 days to respond to the Defendants' motion for summary judgment for a total of 73 days, but the Magistrate Judge issued the Report and Recommendation before this time elapsed, since the Court was unaware that Plaintiffs had filed a discovery request with Defendants (ECF No. 43 at PageID.173). Plaintiffs request that "the Court issue an order asking Defendants to respond to Plaintiffs['] discovery request, then allow the Plaintiffs the remaining 32 days out of the 73 to respond to Defendants[' motion for] summary judgment, and then issue its Report and Recommendation" (ECF No. 43 at PageID.174).

Plaintiffs are correct that the Case Management Order provided for a 45-day period of discovery and then 28 days for a response to Defendants' motion for summary judgment based on the failure to exhaust:

> (c) <u>Failure to Exhaust Remedies</u>. The affirmative defense of failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) may not be raised by motion to dismiss, as plaintiff has no obligation to plead exhaustion. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). This defense must be raised by motion for summary judgment, properly supported. If any defendant files a summary judgment motion raising *only* failure to exhaust remedies, a period of 45 days will be allowed for plaintiff's discovery, *limited to the exhaustion issue only*. Plaintiff's response to the motion will be due 28 days after the close of this limited discovery period.

(ECF No. 27 at PageID.74).

Plaintiffs explain that:

> Defendants filed their motion for summary judgment on May 29, 2018. Plaintiffs mailed a Motion for Discovery to Defendants['] counsel on July 8, 2018. Plaintiffs mailed a proof of service to the Court on July 16, 2018. Therefore, when the Court issued its Report and Recommendation [on July 13, 2018], it had no way of knowing Plaintiffs had filed discovery with the Defendants, and w[ere] waiting to get a stamp to send the Proof of Service to the Court.

 (Pls. Obj., ECF No. 43 at PageID.173).

Even if the Report and Recommendation was issued prematurely as a result of these circumstances, Plaintiffs have had a full opportunity to obtain discovery and respond to Defendants' motion for summary judgment; thus, their request for additional time is moot. Plaintiffs filed a Response to Defendants' motion for summary judgment on July 23, 2018 (ECF No. 38). Defendants responded to Plaintiffs' discovery request on July 25, 2018 (ECF No. 40), and thereafter filed a Reply (ECF No. 41), attaching their discovery response (ECF No. 41-1).

As the Report and Recommendation sets forth, and Defendants' Reply further supports, Defendants have provided evidence that Plaintiffs failed to exhaust their administrative remedies with respect to the claims at issue. Plaintiffs present nothing more than their general assertions

and unsworn statements that they submitted "handwritten grievances specifically addressing all issues raised in their complaint prior to filing any pleadings," and Defendants refused to respond to the grievances, impeding Plaintiffs' ability to exhaust their remedies (ECF No. 38 at PageID.155-156). As Defendants note, Plaintiffs have merely presented self-serving unsworn "affidavits" that referenced certain alleged "handwritten grievances," without providing any detail as to their timing, substance or scope (ECF No. 41 at PageID.166, citing ECF No. 38 at PageID.157-159). These documents do not constitute proper evidence in response to a motion for summary judgment. *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002) (an affidavit must be "sworn to by the affiant in front of an 'officer authorized to administer oaths'"; 28 U.S.C. § 1746 otherwise "allows for 'unsworn declarations under penalty of perjury' to support any matter that legally requires an affidavit to support it").

Plaintiffs' discovery request sought copies of handwritten Grievances by each Plaintiff (ECF No. 41). In response, Defendants' Jail Administrator Major Darin Southworth averred that (a) Defendants have no such handwritten grievances, (b) Defendants generally do not accept handwritten grievances, and (c) there is no recollection by staff of having received any such grievances (ECF No. 41-1). Further, Defendants do not accept handwritten grievances, and no handwritten documents are deliverable through the Jail's electronic system of internal correspondence provided to inmates; all grievances have been handled by the electronic grievance system since April 1, 2016 (prior to Plaintiffs' incarceration in the Jail) (*id*.).

Plaintiffs' request—that the Court issue an Order allowing Plaintiffs their remaining 32 days to respond to Defendants' motion for summary judgment, and then issue a Report and Recommendation—is moot and would not alter the outcome in this case.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, except as noted herein. The Court acknowledges that pursuant to the Case Management Order, Plaintiffs were entitled to additional time to respond to Defendants' motion for summary judgment, but the Court determines that any request for additional time to respond is moot at this juncture in this case. Defendants are entitled to summary judgment based on Plaintiffs' failure to exhaust their administrative remedies. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones*, 549 U.S. at 206, 211-12.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiffs' objection (ECF No. 43) is GRANTED IN PART and DENIED IN PART, and the Report and Recommendation of the Magistrate Judge (ECF No. 36) is APPROVED and ADOPTED as the Opinion of the Court, with the exceptions noted herein.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 31) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  March 13, 2019                                    /s/ Janet T. Neff
                                                          JANET T. NEFF
                                                          United States District Judge